UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEONARD ANDERSON,

    Plaintiff,

  v.

JOSEPH LEHMAN,

    Defendant.

CASE NO. C05-5009RBL

ORDER

This matter comes before the Court on plaintiff's "Motion to Recuse" the Honorable J. Kelley Arnold, United States Magistrate Judge, from the above-captioned matter. Dkt. # 11. Judge Arnold considered plaintiff's motion and determined that there was no reason to voluntarily recuse himself. Pursuant to General Rule 8(c), this matter was referred to the Chief Judge for review. Dkt. # 15.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such

ORDER – 1

proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

Under both statutes, a judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980). See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff asserts that he did not receive a copy of Judge Arnold's order directing plaintiff to file an amended complaint and that this lack of service demonstrates bias. Judge Arnold's order specifically directs the clerk's office to send a copy of the order to plaintiff. If, as plaintiff alleges, he did not receive a copy of the order, there is no reason to suspect that the fault lies with Judge Arnold: his order directing service was clear and negates any inference of bias or prejudice based on an alleged failure to serve.

Having considered plaintiff's motion, the Court finds that the fact that plaintiff did not receive a copy of Judge Arnold's February 28th order does not indicate judicial bias or prejudice. Plaintiff's motion for recusal is therefore DENIED.

DATED this 3rd day of June, 2005.

Robert S. Lasnik
United States District Judge

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER – 2